UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY EDWARD JACKSON,

        Plaintiff,

v.

        Case No. 25-cv-429-pp

GODFREY AND KAHN LAW FIRM,

        Defendant.

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 14) AND DISMISSING CASE FOR FAILURE TO PAY INITIAL PARTIAL FILING FEE AND FAILURE TO STATE A CLAIM**

On March 20, 2025, the plaintiff, who was incarcerated and is representing himself, filed a complaint against the Godfrey and Kahn law firm after another incarcerated person told the plaintiff that his attorney (presumably from Godfrey and Kahn) had accused the plaintiff of snitching. Dkt. No. 1 at 3. The plaintiff wants an apology from the attorney and his firm and demands to know why they allegedly made up a lie about him. Id. at 5.

The day after the plaintiff filed the complaint, Magistrate Judge Nancy Joseph ordered that by April 21, 2025, the plaintiff must pay an initial partial filing fee of $0.95. Dkt. No. 5. On March 26, 2025, the court received a letter from the plaintiff in which he said that he sent $4 to the chambers of Chief Judge Pamela Pepper. Dkt. No. 7. Neither Judge Pepper nor anyone in her chambers nor anyone in the clerk's office received the initial partial filing fee or $4. On May 19, 2025, the court received a second letter from the plaintiff,

1

requesting information about a case that had been closed on January 31, 2025. Dkt. No. 8 (inquiring about Case No. 24-cv-1439). Judge Joseph issued a show cause order on June 3, 2025, requiring the plaintiff to pay the initial partial filing fee in time for the court to *receive* it by the end of the day on June 20, 2025. Dkt. No. 9. Judge Joseph explained that if, by the end of the day on June 20, 2025, the court did not receive either the $0.95 initial partial filing fee or a letter explaining why the plaintiff could not pay it, she would recommend that this court dismiss the case without prejudice and the plaintiff would still be required to pay the full $350 filing fee. Id. at 2.

Between June 16 and July 10, 2025, the court received from the plaintiff three letters stating that another incarcerated person, Terence Hogg, would be sending $1.00 to cover the initial partial filing fee. Dkt. Nos. 10-12. The court received no fee. On August 11, 2025, Judge Joseph issued a second show cause order instructing the plaintiff to pay the initial partial filing fee by the end of the day on August 29, 2025 and again telling the plaintiff that if the court did not receive that fee by the end of the day on August 29, 2025, she would recommend that this court dismiss the case without prejudice for failing to pay the initial partial filing fee and the plaintiff would still have to pay the $350 filing fee. Dkt. No. 13 at 2.

The court did not receive either a filing fee or a response to Judge Joseph's order. On September 12, 2025, Judge Joseph denied the plaintiff's motion for leave to proceed without prepaying the filing fee and recommended that this court dismiss the case without prejudice for his failure to pay the

2

filing fee. Dkt. No. 14 at 2. Judge Joseph gave the plaintiff fourteen days to file an objection to her recommendation. Id. at 2. She sent the order to the same address as the court had sent all prior orders and correspondence—the Brown County jail. The court has confirmed that the plaintiff remained in custody at the jail until his release on September 18, 2025. See https://lookup-inmate-jail.browncountywi.gov:8443/IML.

The court did not receive an objection from the plaintiff to the report and recommendation; the report and recommendation was not returned to the court as undeliverable and the plaintiff has not provided the court with an updated address as required by General Local Rule 5(a)(4)(E.D. Wis.). The court reviews a recommendation to which there is no objection under a clearly erroneous or contrary to law standard. 28 U.S.C. §636(b)(1)(1). Judge Joseph's recommendation that this court dismiss the case without prejudice for failing to pay an initial partial filing fee—or any fee—is neither clearly erroneous nor contrary to law.

Even if the plaintiff had a paid a filing fee, the court would have dismissed the case at the screening stage for failure to state a claim. To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the

3

same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Federal courts, like this one, have limited jurisdiction. A federal court has jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Federal courts also have jurisdiction to consider and decide lawsuits between citizens of different states, if the amount in dispute is more than $75,000. 28 U.S.C. §1332. The plaintiff has not alleged a claim or a set of facts that would give rise to a claim under federal law or the federal Constitution. He has asserted that the private attorney representing another incarcerated person lied about him and he wants an apology from the attorney and the law firm. That sounds like a defamation claim, and a claim for defamation arises under state, not federal, law. It does not appear that the parties are citizens of different states or that the amount in controversy would exceed $75,000, so the court does not have diversity jurisdiction over the plaintiff's claim.

The court **ADOPTS** Judge Joseph's recommendation. Dkt No. 14.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to pay the initial partial filing fee and for failure to

state a claim upon which this federal court can grant relief. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**